<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
</table>

| PASEO LAS PALMAS HOMEOWNERS ASSOCIATION, INC.<br><br>Recurrido<br><br>v.<br><br>ALLAN CAO JIMÉNEZ<br><br>Peticionario | KLCE202401081 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2021CV03727<br><br>Sobre:<br>Acción Civil; *Injunction* Preliminar; *Injunction* Permanente; *Injunction* Estatutario; Incumplimiento de Contrato; Cumplimiento Específico; *In Personam In Rem* |

Panel integrado por su presidente el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece la parte peticionaria, Allan Cao Jiménez, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 4 de septiembre de 2024, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró No Ha Lugar los memorandos de costas, gastos y honorarios de abogado presentados por el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

## I

El 12 de febrero de 2024, Paseo Las Palmas Homeowners Association, Inc. (recurrido) instó un recurso de *Certiorari*, con denominación alfanumérica KLCE202400178, ante este Tribunal de Apelaciones, mediante el cual solicitó que revocáramos la *Resolución*

emitida y notificada por el Tribunal de Primera Instancia el 10 de enero de 2024.[1] Mediante dicho dictamen, el foro primario determinó que no procedía la presentación de una moción dispositiva al amparo de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, toda vez que ya existía una sentencia en el caso.[2] En su consecuencia, el foro *a quo* ordenó al recurrido a cumplir con la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1.

Evaluado el recurso, el 20 de junio de 2024, esta Curia emitió una *Resolución* mediante la cual denegamos la expedición del auto de *certiorari* solicitado.[3] En particular, determinamos que procedía abstenernos de ejercer nuestra función revisora, conforme a la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, y a la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Así las cosas, el 12 de agosto de 2024, Allan Cao Jiménez (peticionario) presentó ante el foro de origen un *Memorándum de Costas en Cuanto a Recurso KLCE202400178*.[4] En síntesis, indicó que el tracto del caso a nivel apelativo se extendió desde el 12 de febrero de 2024 hasta el 20 de junio del mismo año y que tuvo que cumplir con una gran cantidad de resoluciones interlocutorias emitidas por el Foro intermedio. Desglosó las costas y gastos legales, los cuales ascendieron a $4,342.76. Señaló que el Tribunal de Apelaciones denegó la expedición del recurso incoado por la parte aquí recurrida, porque avaló los planteamientos presentados en su alegato en oposición. En virtud de ello, solicitó el pago de las costas y gastos por el proceso apelativo.

---

[1] Entrada Núm. 234 del Caso Núm. BY2021CV03727 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Apéndice del recurso, pág. 85.
[3] Entrada Núm. 237 del Caso Núm. BY2021CV03727 en el SUMAC. Cabe destacar que el *Mandato* fue remitido al Tribunal de Primera Instancia el 12 de agosto de 2024. Véase, Apéndice del recurso, págs. 111-112.
[4] Apéndice del recurso, págs. 113-117.

Al día siguiente, el peticionario sometió una *Moción Urgente en Solicitud de Costas, Gastos y Honorarios de Abogado al Amparo de la Regla 35.1 de Procedimiento Civil.*[5] Indicó que le había presentado a la parte recurrida una oferta de sentencia conforme a la Regla 35.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 35.1, en la cual ofreció desistir de su reconvención a cambio de que cada parte asumiera los honorarios de abogado que les correspondían, por lo que la parte recurrida debía desistir de su previa solicitud de honorarios. Señaló que, posteriormente, el foro juzgador emitió una *Sentencia Parcial* archivando la demanda incoada por el recurrido, por entender que las controversias allí esbozadas se habían tornado académicas. Ello, sin conceder los honorarios de abogado. Especificó que, el 20 de diciembre de 2023, el foro de origen emitió una *Sentencia* mediante la cual dio por desistida la reconvención incoada por este, sin la imposición de costas, gastos ni honorarios de abogado. Detalló que, sin embargo, la parte recurrida presentó una solicitud de sentencia sumaria en cuanto a los honorarios de abogado por temeridad y contractuales, la cual fue denegada por el foro sentenciador, quien ordenó que se cumpliera con la Regla 44.1 de Procedimiento Civil, *supra*.

La parte peticionaria explicó en su moción que, de esa determinación, el recurrido acudió al Foro revisor intermedio, quien denegó expedir el auto de *certiorari* solicitado. Aclaró que su petición de honorarios bajo la precitada Regla 35.1 no podía realizarse hasta que la decisión del foro de instancia de no conceder honorarios al recurrido fuera final. Argumentó que, según le había ofrecido a la parte recurrida, desistió de la reconvención y no hubo imposición de honorarios. Según adujo, la *Sentencia* que obtuvo el recurrido es igual o menos favorable que la oferta cursada, por lo que el recurrido

---

[5] Apéndice del recurso, págs. 128-130.

le tenía que pagar las costas, gastos y honorarios de abogado que se incurrieron con posterioridad a la oferta cursada, las cuales sumaban $9,107.02, cantidad que incluía $4,342.76 de los gastos en torno al recurso con denominación alfanumérica KLCE202400178.

En atención a ello, el 14 de agosto de 2024, notificada el 19 del mismo mes y año, el foro sentenciador emitió una *Orden* mediante la cual le concedió diez (10) días a la parte recurrida para que expresara su postura al respecto.[6]

Luego de varias incidencias procesales, el 29 de agosto de 2024, la parte recurrida se opuso a ambos memorandos de costas, gastos y honorarios de abogado.[7] En esencia, arguyó que, ante la denegatoria del tribunal de instancia de su solicitud de honorarios por la vía sumaria, había optado por recurrir al Tribunal de Apelaciones, quien denegó la expedición del recurso. Según adujo, el Foro intermedio acogió inicialmente sus planteamientos, pero luego asumió una posición contraria, por lo que sus actuaciones ante dicho Foro no fueron temerarias, pues el mismo Tribunal Apelativo tuvo dudas al respecto y, por ello, no procedía la imposición de honorarios, costas y gastos. Enfatizó, además, que en lo reclamado por la parte peticionaria se incluyeron los gastos asociados a la presentación de un recurso ante nuestro Tribunal Supremo. Sobre ese particular, explicó que, cuando el Foro revisor intermedio le ordenó al peticionario a presentar su posición en el KLCE202400178, este optó por ignorarlo y presentar un recurso ante nuestro más Alto Foro, el cual fue desestimado. En cuanto a la solicitud del peticionario sobre las costas, gastos y honorarios relacionados a la segunda sentencia dictada por el foro *a quo* sobre la reconvención, adujo que esta no cumplió con los requisitos

---

[6] Apéndice del recurso, pág. 147.
[7] Íd., págs. 166-173.

esbozados en las Reglas 35.1 y Regla 44.1 de Procedimiento Civil, *supra*, por lo que tampoco procedían.

Evaluadas las posturas de las partes, el 4 de septiembre de 2024, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa.[8] En específico, el foro primario resolvió lo siguiente:

> Se declara [N]o [H]a [L]ugar [el] Memorando de Costas presentado por la parte demandada. El mismo no cumple con la Regla 44.1 de Procedimiento Civil.
>
> En cuanto a la solicitud de costas en la parte apelativa, lo denegamos porque **la parte aquí demandada no obtuvo una Sentencia a su favor del Tribunal de Apelaciones**.
>
> **La parte demandada** en su moción del 13 de agosto de 2024 **está reclamando partidas que debió haber solicitado dentro del término de 10 días de haberse notificado la sentencia**, por lo que, su solicitud es tardía. Incluyendo la de honorarios por temeridad. (Énfasis nuestro).

Inconforme, el 7 de octubre de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> Erró el TPI al denegar [las] costas al peticionario al amparo de la Regla 44.1 de Procedimiento Civil por la fase apelativa en cuanto al recurso KLCE202400178 que interpusiera la recurrida dado a que la determinación del foro apelativo fue a su favor al denegar el recurso y no intervenir tal como solicitara en su alegato en oposición, prevaleciendo la determinación del TPI como solicitó y resultando victorioso, siendo tales costas mandatorias.
>
> Erró el TPI y abusó de su discreción al denegar gastos, costas y honorarios al peticionario al amparo de la Regla 35.1 de Procedimiento Civil.

En cumplimiento con nuestra *Resolución* del 9 de octubre de 2024, la parte recurrida compareció mediante *Oposición a la Expedición del Auto de Certiorari* el 21 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[8] Apéndice del recurso, pág. 174.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. V. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como su primer señalamiento de error que el Tribunal de Primera Instancia incidió al denegar las costas en la fase apelativa, al amparo de la Regla 44.1 de Procedimiento Civil, *supra*. En síntesis, sostiene que la determinación del Foro apelativo en el KLCE202400178, denegando la expedición del recurso, fue a su favor, al no intervenir tal como solicitara en su alegato en oposición, prevaleciendo la determinación del foro recurrido, según solicitado, y resultando victorioso, siendo tales costas mandatorias. En su segundo y último señalamiento de error, alega que el foro primario erró y abusó de su discreción al

denegar la solicitud de gastos, costas y honorarios de abogado al amparo de la Regla 35.1 de Procedimiento Civil, *supra*.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar los memorandos de costas, gastos y honorarios de abogado promovidos por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones